# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKAN BREWING, LLC, an Alaska limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>PEAKASO PARTNERS, LLC, a Colorado limited liability company,<br><br>        Defendant. | Case No. 1:18-cv-00016-SLG |

## ORDER RE MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, TRANSFER THE ACTION TO THE PROPER FORUM

Before the Court at Docket 27 is Defendant Peakaso Partners, LLC's ("Peakaso") Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum. Plaintiff Alaskan Brewing, LLC ("Alaskan Brewing") responded in opposition at Docket 29. Peakaso replied at Docket 32. Alaskan Brewing filed supplemental materials at Docket 33, which Peakaso did not respond. Oral argument was not requested and was not necessary to the Court's decision.

## BACKGROUND

On November 20, 2018, Alaskan Brewing, a limited liability company headquartered in Juneau, Alaska,[1] initiated this action by filing a complaint for

---

[1] Docket 1 at 2, ¶ 4.

breach of contract against Peakaso Partners, a limited liability company headquartered in Denver, Colorado.[2] The complaint alleged the following facts:

In 2016, Alaskan Brewing began looking for an enterprise resource planning ("ERP") software system to help manage its business operations.[3] In early 2017, Peakaso contacted Alaskan Brewing to offer the brewery its "Crafted ERP" system.[4] After a Peakaso representative traveled to Juneau to demonstrate the software on March 14, 2017,[5] the parties reviewed "the functionality Alaskan Brewing required" and worked together for several months "to describe and prioritize the specific items Alaskan Brewing would need in its ERP system."[6]

On June 12, 2017, the parties signed several agreements that govern Peakaso's implementation of Crafted ERP for Alaskan Brewing:[7] An initial Statement of Work ("SOW") that sets forth Peakaso's obligation "to provide advisory services for the implementation of Crafted ERP," identifies the specific functions and modules to be included in the software package, and lays out the costs associated with the software's implementation, support, and maintenance;[8]

---

[2] Docket 1 at 2, ¶ 5.

[3] Docket 1 at 2, ¶ 7.

[4] Docket 1 at 2, ¶ 7.

[5] Docket 31 at 1–2, ¶ 3 (Decl. of Linda Thomas).

[6] Docket 1 at 3, ¶ 10.

[7] Docket 1 at 3, ¶¶ 11–12.

[8] Docket 1 at 3, ¶ 11; *see also* Docket 31-2 (SOW).

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 2 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 2 of 15

a General Business Terms ("GBT") document that "govern[s] the services provided by Peakaso";[9] and a Master Services Agreement ("MSA") that incorporates the GBT and defines the parties' relationship at a broad level.[10] The Court will refer to these three agreements collectively as the "Implementation Agreement."

The MSA provides that "this [MSA], including the [GBT] and any Exhibit(s) attached hereto, and any [SOW(s)] issued hereunder . . . contain the sole and exclusive terms and conditions that will govern the rights, responsibilities and obligations of the parties with respect to the Services[11] to be provided by Peakaso to [Alaskan Brewing]."[12]

The GBT establishes an initial one-year term for the Implementation Agreement, but provides for automatic annual renewal unless either party gives 30-day written notice of its intent to terminate.[13] Neither party gave notice of termination prior to June 12, 2018, so the Implementation Agreement automatically renewed for a second one-year term.[14]

---

[9] Docket 1 at 3, ¶ 12; Docket 31-1 at 6–9 (GBA).

[10] Docket 1 at 3, ¶ 12; *see also* Docket 31-1 at 2–5 (MSA).

[11] The MSA defines "Services" as "various systems, accounting, financial, risk management, or other consulting services . . . as [Alaskan Brewing] may request from time to time as more fully described in a written [SOW] agreed to and signed by the parties." Docket 31-1 at 2.

[12] Docket 31-1 at 2; Docket 1 at 3, ¶ 12.

[13] Docket 1 at 3–4, ¶ 13; Docket 31-1 at 7.

[14] Docket 1 at 4, ¶ 14.

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 3 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 3 of 15

The SOW established a "go-live date" of November 1, 2017 for the Crafted ERP system, but the system was not online by that date.[15] Alaskan Brewing gave written notice of non-conformance to Peakaso, and the parties agreed to move the go-live date to January 1, 2018.[16] A version of Crafted ERP went live on January 1, 2018, but Alaskan Brewing maintains that it "did not meet the requirements set forth in the . . . [Implementation] Agreement."[17] Alaskan Brewing notified Peakaso that implementation of the software was deficient, but "the deficiencies identified by Alaskan Brewing ha[d] not been rectified" by the date the complaint was filed.[18]

The complaint identifies a "non-exhaustive" of 12 functions or modules "set forth in the SOW that have not been implemented or have only been partially implemented."[19] It seeks a "judicial declaration" that Peakaso has breached the Implementation Agreement by failing to deliver those modules and by assigning its responsibilities to a third party—Doozy Solutions, LLC—without Alaskan Brewing's consent.[20] The complaint also seeks "an order compelling Peakaso to remedy its

---

[15] Docket 1 at 4, ¶ 16; *see also* Docket 31-2 at 2 ("Peakaso has been engaged to provide advisory services throughout Client's implementation of NetSuite and Crafted, with a targeted go-live date of November 1, 2017 for the initial phase . . . .").

[16] Docket 1 at 4, ¶ 17.

[17] Docket 1 at 4, ¶ 18.

[18] Docket 1 at 4, ¶ 18.

[19] Docket 1 at 5–6, ¶ 24.

[20] Docket 1 at 7. The complaint alleges that Doozy Solutions "had deployed a Crafted ERP release automatically in Alaskan Brewing's system" in violation of the GBT's provision that "[n]either party may assign or transfer this Agreement without the other party's prior written

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 4 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 4 of 15

breach and deliver the deliverables set forth in the Agreement at its sole expense," an "order compelling Peakaso to assign all right title and interest in the deliverables and the software," and an award of "damages caused by Peakaso's breaches."[21]

The complaint was brought pursuant to this Court's diversity jurisdiction.[22] It alleged that venue was proper in the District of Alaska pursuant to 28 U.S.C. § 1391(b)(2) "because a substantial part of the events and omissions giving rise to [Alaskan Brewing's] claims occurred in this district."[23]

As its first responsive filing, on July 12, 2019, Peakaso filed the instant Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum.[24] The parties had executed a separate series of agreements on June 12, 2017, which were not mentioned in the complaint, to "govern the subscription

---

consent."  Docket 1 at 5, ¶¶ 20, 23; Docket 31-1 at 8.

[21] Docket 1 at 7.

[22] Docket 1 at 2, ¶ 2; *see also* 28 U.S.C. § 1332(a)(1).

[23] Docket 1 at 2, ¶ 3.  In a declaration filed in support of Alaskan Brewing's opposition to the instant motion, Linda Thomas, the brewery's CEO, states:

> Peakaso came to Alaskan in Juneau on at least seven occasions to implement its Crafted ERP software according to the specifications in the agreed [SOW].  The work was conducted onsite in Juneau during multi-day visits by Peakaso representatives in March, June, July, August, September, and October 2017 and in January of 2018.

Docket 31 at 2, ¶ 4.

[24] Docket 27.

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 5 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 5 of 15

services and terms related to the [Crafted ERP] software":[25] a Subscription Services Agreement ("SSA") and the Crafted ERP's Terms of Service ("TOS").[26] The Court will refer to these agreements collectively as the "Subscription Agreement." The SSA contains a forum-selection clause, which provides that "each party agrees to submit to the exclusive jurisdiction of, and venue in, the courts in Denver county in Colorado in any dispute arising out of or relating to this Agreement."[27]

Peakaso contends that the SSA's forum-selection clause governs this dispute and seeks an order dismissing the complaint under either Federal Rule of Civil Procedure 12(b)(6) or the doctrine of *forum non conveniens*, or transferring the case to federal court in Denver, Colorado pursuant to 28 U.S.C. § 1404(a).[28]

## LEGAL FRAMEWORK

A forum-selection clause that "point[s] to a particular federal district" is enforceable "through a motion to transfer under [28 U.S.C.] § 1404(a)."[29] In contrast, "the appropriate way to enforce a forum-selection clause pointing to a

---

[25] Docket 27 at 3.

[26] Docket 27-1 at 1–3 (SSA); Docket 27-1 at 4–8 (TOS).

[27] Docket 27-1 at 2.

[28] Docket 27 at 1–2, 11.

[29] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 6 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 6 of 15

state or foreign forum is through the doctrine of *forum non conveniens*."[30] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of the cases in which the transferee forum is within the federal court system" and the Supreme Court has explained that analysis under either enforcement mechanist "entail[s] the same balancing-of-interest standard."[31]

Under this approach, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."[32] The "plaintiff 'must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed,'" and his or her "subsequent choice of forum merits no weight."[33] The reviewing court "must deem all factors relating to the private interests of the parties . . . as weighing 'entirely in favor of the preselected forum," and "[w]hile a court may consider factors relating to the public interest . . . , those factors will rarely defeat a transfer motion."[34] "The practical result is that a forum-selection clause 'should control except in unusual cases' . . . , [and] '[o]nly under extraordinary circumstances

---

[30] *Atl. Marine Constr. Co.*, 571 U.S. at 60.

[31] *Id.* at 60–61 (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 37 (1988) (Scalia, J., dissenting)).

[32] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018) (alteration in original) (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 62).

[33] *Id.* (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 63–64).

[34] *Id.* at 1087–88 (citing *Atl. Marine Constr. Co.*, 571 U.S. at 64).

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 7 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 7 of 15

unrelated to the convenience of the parties' should a motion to enforce a forum-selection clause be denied."[35]

In addition to § 1404(a) and the doctrine of *forum non conveniens*, Peakaso moves to enforce the SSA's forum-selection clause through Rule 12(b)(6).[36] The Ninth Circuit has held that Rule 12(b)(3), rather than rule 12(b)(6), "governs a motion to dismiss premised on the enforcement of a forum selection clause."[37] However, the Supreme Court later held that Rule 12(b)(3) was "not [a] proper mechanism[] to enforce a forum-selection clause" where venue was otherwise proper under 28 U.S.C. § 1391(b).[38] Peakaso does not argue that the District of Alaska is an improper venue under § 1391(b), and the Court will restrict its analysis of the enforceability of the forum-selection clause to §1404(a) and the doctrine of *forum non conveniens*. That said, the Court applies the standard of review for Rule 12(b)(3) motions in conducting its analysis, "drawing reasonable inferences and resolving factual conflicts in favor of the non-movant, but not necessarily accepting the non-movant's pleadings as true, and also considering facts outside the pleadings."[39]

---

[35] *Id.* at 1088 (second alteration in original) (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 62, 64).

[36] Docket 27 at 1–2.

[37] *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

[38] *Atl. Marine Constr. Co.*, 571 U.S. at 57, 61.

[39] *Sprout Healthy Vending LLC v. Seaga Mfg., Inc.*, No. SACV 14-01613 JVS, 2014 WL 12688422, at *3 (C.D. Cal. Dec. 18, 2014) (quoting *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. C 07-5944 SC, 2014 WL 1047207, at *2 (N.D. Cal. Mar. 13, 2014)); *see also Argueta*, 87 F.3d at

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 8 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 8 of 15

## DISCUSSION

**I. Applicability of the Forum-Selection Clause**

Before determining whether the SSA's forum-selection clause is enforceable, the Court must first determine whether that clause applies to this dispute.[40] Courts "apply federal contract law to interpret the scope of a forum-selection clause even in diversity actions."[41] In doing so, they "look for guidance 'to general principles for interpreting contracts.'"[42] The Ninth Circuit has "held that forum-selection clauses covering disputes '*arising out of*' a particular agreement apply only to disputes 'relating to the interpretation and performance of the contract itself.'"[43] In contrast, "forum-selection clauses covering disputes '*relating to*' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement."[44] The Circuit has clarified

---

324 (explaining benefits of Rule 12(b)(3) standard of review "for resolving motions to dismiss based on a forum selection clause").

[40] *See Yei A. Sun*, 901 F.3d at 1086 ("We first address the . . . argument that the . . . forum-selection clause does not apply to the[] complaint."); *see also Atl. Marine Constr. Co.*, 571 U.S. at 62–63 (explaining that analysis under 28 U.S.C. § 1404(a) or doctrine of *forum non conveniens* is appropriate "when the parties' contract contains a valid forum-selection clause").

[41] *Yei A. Sun*, 901 F.3d at 1086.

[42] *Id.* (quoting *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009)).

[43] *Id.* (emphasis added) (quoting *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 9134, 922 (9th Cir. 2011)).

[44] *Id.* (emphasis added) (quoting *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997) (Alito, J.)).

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 9 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 9 of 15

that "[t]he dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract."[45]

The forum-selection clause in the SSA applies to "any dispute arising out of or relating to this Agreement."[46] Peakaso argues that Alaskan Brewing's breach of contract claim relates to the SSA and is thus subject to the forum-selection clause.[47] Peakaso maintains that the claims in the complaint are logically connected to the SSA:

> Alaskan Brewing's claims that Peakaso failed to deliver professional services related to the software provided under the SSA constitutes such a dispute [arising under or relating to the SSA]. Additionally, any disputes related to the decision not to renew the SSA and discontinue Alaskan Brewing's access to the software would be directly related to the SSA.[48]

In response, Alaskan Brewing argues that its claim relates only to the Implementation Agreement and that "the parties never agreed to litigate disputes regarding the implementation of [Crafted ERP] under the MSA, GBT, and SOW in Colorado."[49] Alaskan Brewing's complaint does not reference the Subscription Agreement, and its breach of contract claim arises entirely out of the

---

[45] *Id.* (9th Cir. 2018) (citing *Cape Flattery Ltd.*, 647 F.3d at 922).

[46] Docket 27-1 at 2.

[47] Docket 27 at 7.

[48] Docket 27 at 7.

[49] Docket 29 at 7–12.

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 10 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 10 of 15

Implementation Agreement.[50]  Moreover, as the brewery maintains, the Implementation Agreement and the Subscription Agreement both contain an integration clause providing that each is the complete and exclusive agreement of the parties relative to its subject matter.[51]

Despite this, the Implementation Agreement and the Subscription Agreement are intimately related. They were executed on the same day as part of a single negotiation process.[52] And together, the Implementation and Subscription Agreements control the entirety of the parties' relationship to Crafted ERP; the former governing Peakaso's implementation of the software, the latter governing Alaskan Brewing's access to it.

This relationship is reflected in Alaskan Brewing's claim. Although it stems from Peakaso's alleged breach of the SOW and the GBT,[53] Alaskan Brewing's claim contemplates access to Crafted ERP even if it does not reference the

---

[50] *See* Docket 1.

[51] Docket 31-1 at 2 ("[T]his [Implementation Agreement] . . . contain[s] the sole and exclusive terms and conditions that will govern the rights, responsibilities and obligations of the parties with respect to the Services provided by Peakaso to [Alaskan Brewing]."); Docket 27-1 at 2 ("This [Subscription] Agreement . . . constitute[s] the entire understanding between [Alaskan Brewing] and Peakaso and [is] intended to be the final and entire expression of their agreement."); *see also* Docket 29 at 10–12 (discussing integration clauses).

[52] Docket 33-2 at 4 (Implementation Agreement signature page); Docket 33-2 at 6 (Subscription Agreement signature page); *cf. Huffington v. T.C. Grp.*, 637 F.3d 18, 22 (1st Cir. 2011) (holding that purchase was "related to" contract with forum-selection clause because it "could not have been made without the agreement").

[53] Docket 1 at 7, ¶¶ 29, 30; *see also* Docket 1 at 5–6, ¶ 24 (listing "functions/modules set forth in the SOW that have not been implemented or have only been partially implemented").

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 11 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 11 of 15

Subscription Agreement by name. Alaskan Brewing's ability to utilize the deliverables identified in the SOW depends on the brewery's continued access to the Crafted ERP software.[54] The dispute raised in Alaskan Brewing's complaint is therefore logically connected to the Subscription Agreement and the forum-selection clause contained therein.

Alaskan Brewing maintains that a "forum[-]selection clause applies to a dispute where the resolution of the claims requires or relates to an interpretation of the contract containing the forum[-]selection clause."[55] However, this characterization of the governing law is too narrow; as explained above, the Ninth Circuit recently clarified that a "dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract."[56] Moreover, a June

---

[54] The GBT provides that the deliverables become Alaskan Brewing's "sole and exclusive property" upon payment, Docket 31-1 at 6, and the SOW scheduled full payment to be made on January 1, 2018. Docket 31-2 at 27. Even so, a June 10, 2019 letter from Alaskan Brewing's attorney, responding to Peakaso's notice of non-renewal for both the Implementation and Subscription agreements, demonstrates the relationship between access to Crafted ERP and any data contained on the system:

> Because Peakaso's notice of termination is ineffective, the SSA is renewed under its terms until June 12, 2020 . . . . Further, because Peakaso has threatened to terminate Alaskan's access to the service *and Alaskan's proprietary data* on June 12, 2019, Alaskan will file a motion on shortened time for an order to maintain the foregoing status quo . . . .

Docket 32-1 at 3 (emphasis added).

[55] Docket 29 at 7 (citing *In re Orange, S.A.*, 818 F.3d 956, 962 (9th Cir. 2016)). Unlike the district court affirmed in *In re Orange*, the Court does not "conclude[] that [Alaskan Brewing's] claims [are] so factually distinct from the [SSA] that the forum[-]selection clause could not apply." 818 F.3d at 962.

[56] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (citing *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011)).

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 12 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 12 of 15

10, 2019 letter that Peakaso received from Alaskan Brewing's attorney shows that interpretation of the Subscription Agreement may, in fact, become necessary in this case. The letter was sent in the context of settlement negotiations,[57] and responds to Peakaso's May 2, 2019 notice of non-renewal of both the SSA and MSA, which alleged that Alaskan Brewing had breached the Subscription Agreement.[58] The letter states:

> Section 4.1 of the SSA (on which Peakaso's notice of non-renewal relies) requires Peakaso to provide "a general renewal reminder and a renewal Estimate/Order Form." By changing all the documents into the name of Doozy, Peakaso repudiated the prior Peakaso Order and improperly substituted Doozy as the new service provider. As such, Peakaso's notice of termination is ineffective, and the SSA with Peakaso is automatically renewed for another year under its terms.[59]

In the letter, Alaskan Brewing's attorney threatened to "file a motion on shortened time for an order to maintain the foregoing status quo" and bring "the issue [of the SSA's automatic renewal] . . . before the Court."[60]

The dispute raised in the complaint bears a logical connection to Alaskan Brewing's access to the Crafted ERP software, and correspondence between the parties shows that this litigation may require a court to interpret the Subscription

---

[57] Alaskan Brewing notes that the correspondence "contains settlement discussions, which are inadmissible under [Federal Rule of Evidence] 408," but "does not object to the inclusion of the document for the motion currently before the Court." Docket 33 at 2.

[58] Docket 32-1 at 2–3; Docket 32-1 at 5–6 (Peakaso's notice of non-renewal and breach).

[59] Docket 32-1 at 2.

[60] Docket 32-1 at 3.

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 13 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 13 of 15

Agreement. Accordingly, the Court finds that the dispute relates to the Subscription Agreement and that the forum-selection clause in the SSA applies.

## II. Enforceability of the Forum-Selection Clause

"'[O]nly under extraordinary circumstances unrelated to convenience of the parties' should a motion to enforce a forum-selection clause be denied."[61] The Ninth Circuit has provided three examples of such extraordinary circumstances:

> (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court."[62]

Alaskan Brewing does not argue that any of these circumstances apply to this case.[63] Accordingly, the Court finds that the SSA's forum-selection clause controls and should be enforced.[64]

It remains only for the Court to decide *how* to enforce the forum-selection clause. The clause provides that "each party agrees to submit to the exclusive jurisdiction of, and venue in, the courts in Denver county in Colorado in any dispute

---

[61] *Yei A. Sun*, 901 F.3d at 1088 (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013)).

[62] *Id.* (alteration in original) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

[63] *See Id.* (requiring plaintiff to make "a strong showing" that extraordinary circumstances applied).

[64] *Id.* at 1086 ("The practical result is that a forum-selection clause 'should control except in unusual cases.'" (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 64).

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 14 of 15

Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 14 of 15

arising out of or relating to this Agreement."[65] The Ninth Circuit has held that "a forum-selection clause that vests 'exclusive jurisdiction and venue' in the courts '*in*' a county provides venue in the state and federal courts located in that county."[66] Since both state and federal courts are located in Denver County, Colorado, either dismissal of the complaint under the doctrine of *forum non conveniens* or transfer under §1404(a) would be appropriate.[67] In the interest of efficiency, the Court finds that transfer is preferable.

## CONCLUSION

Based on the foregoing, Peakaso's Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum at Docket 27 is GRANTED.

IT IS HEREBY ORDERD that this action is TRANSFERRED to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a).

DATED this 22nd day of November, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[65] Docket 27-1 at 2.

[66] *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011) (emphasis added).

[67] *See Atl. Marine Constr. Co.*, 571 U.S. at 59, 61 (explaining that forum-selection clauses pointing to federal fora are enforceable under § 1404(a) while clauses pointing to state fora are enforceable under doctrine of *forum non conveniens*); *see also Key Equipment Finance v. Barrett Business Servs, Inc.*, No. 3:19-CV-05122-RBL, 2019 WL 2491893 (W.D. Wash. June 14, 2019) (finding forum-selection clause using preposition "in" enforceable under both §1404(a) and doctrine of *forum non conveniens*).

Case No. 1:18-cv-00016-SLG, *Alaskan Brewing, LLC v. Peakaso Partners, LLC*
Order re Motion to Dismiss the Complaint or, Alternatively, Transfer the Action to the Proper Forum
Page 15 of 15
Case 1:18-cv-00016-SLG   Document 34   Filed 11/22/19   Page 15 of 15